■ EASTERN GREYHOUND LINES DIVISION OF GREYHOUND LINES, INC., et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent.— Determination of State Human Rights Appeal Board, dated February 16, 1970, affirming decision and order of the Commissioner of the State Division of Human Rights, dated September 23, 1969, determining that petitioner had violated section 296 of the Human Rights Law (Executive Law, art. 15) in its refusal to employ complainant as a baggage clerk, unanimously annulled, on the law, without costs and without disbursements, and the cross application of State Division of Human Rights denied and the cross petition dismissed. The complaint charged the petitioner, Eastern Greyhound Lines, with an unlawful discriminatory practice in its refusal to employ complainant. Such refusal was grounded on the complainant's insistence on wearing a beard in adherence to the precepts of his religious creed, namely, the Orthodox Muslim creed. It is undisputed that it is the petitioner's policy, uniformly applied and adhered to, to require that all its employees be clean-shaven and that, pursuant to such policy, the wearing of beards by its employees is absolutely prohibited. The Appeal Board found: "Respondent's rule which bars complainant's employment is nation-wide in its application. It is not contended that its purpose was to exclude and thereby discriminate against applicants because of creed. Whatever justification there may be for such a policy appears to reside in respondent's effort to project a desired image to its public which it claims would be impaired by prevalence of beards among its employees. Whether such a rule is sound or fanciful is not for us to decide." The rule adopted by the petitioner, however, does not per se conflict with the law in that, in fact, it represents a practical business policy instead of an unlawful discriminatory practice. The statute, section 296, does not require the operation of business enterprises in subordination to divers religious practices and customs of its employees. The petitioner, as an employer engaged in a nongovernmental and private business enterprise, is not required to make exceptions to its established and uniformly applied personnel policies in order to accommodate the religious practice of a

potential employee. (Cf. *Sherbert* v. *Verner*, 374 U. S. 398; *Otten* v. *Baltimore & Ohio R. R. Co.*, 205 F. 2d 58, affd. 229 F. 2d 919; *Matter of Andrews* v. *O'Grady*, 44 Misc 2d 28.) To quote the observation of LEARNED HAND, J., in the *Otten* case, (*supra*, p. 61): "We must accommodate our idiosyncrasies, religious as well as secular, to the compromises necessary in communal life; and we can hope for no reward for the sacrifices this may require beyond our satisfaction from within, or our expectations of a better world." Inasmuch as the complainant's religious practices do not entitle him to special privileges contrary to the petitioner's established policy, and there being no support for a claim of lack of good faith on petitioner's part in denying employment to the complainant, the complaint should have been dismissed. Concur — Eager, J. P., Markewich, McNally and Steuer, JJ.